

**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) (Jointly Administered) |
| SII LIQUIDATION COMPANY, | ) |
| | ) CASE NOS. 10-60702 |
| Debtor. | ) |
| | ) ADV. NO. 10-6097 |
| KEYBANK NATIONAL ASSOCIATION, | ) |
| | ) HONORABLE RUSS KENDIG |
| Plaintiff, | ) |
| | ) **MEMORANDUM OF OPINION** |
| v. | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |
| HUNTINGTON NATIONAL BANK, | ) |
| Defendant. | ) |

Now before the court is the motion for a protective order filed by Jerry A. Schwab ("Movant") under Federal Rule of Civil Procedure 26(c), incorporated into bankruptcy practice by Federal Rule of Bankruptcy Procedure 7026. Plaintiff objects to the relief sought by Movant.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this

opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Recently, the court entered an opinion related to separate motions that were pending in this adversary. The background and facts set forth in that opinion are hereby incorporated. Only the basic procedural facts necessary to understand the present motion are outlined in this opinion.

Jerry Schwab, the movant, is a third-party defendant. His answer to the third party-complaint contained a crossclaim against Plaintiff. Plaintiff served discovery on Movant on July 22, 2011. After extensions, the responses were due on September 30, 2011.

On September 29, 2011, Jerry Schwab filed the instant motion and seeks a blanket protective order excusing him from responding to discovery, including requests for admissions, requests for production of documents and interrogatories. He alleges the stress of participating in this litigation would aggravate his myasthenia gravis and states that the responses submitted by his wife and son, also third-party defendants, sufficiently respond to Plaintiff's requests. He attached a copy of a letter from a physician advising that participation in the suit is not recommended.

Plaintiff cites an abundant unfairness in its argument opposing the relief sought by Jerry Schwab. According to Plaintiff, it would be unprecedented to allow Movant to sue Plaintiff while relieving them of the opportunity to conduct discovery of him.

Movant replied and provided a second physician's statement on the potential damage to his health the stress of his required participation could engender. In the reply, Movant references a willingness to dismiss his crossclaim against Plaintiff provided he is not otherwise drawn in to the same morass of this lawsuit as a non-party.

## LAW AND ANALYSIS

This court perceives Local Bankruptcy Rule 7026-1 as an effort to diminish the court's immediate involvement in discovery disputes, specifically those resolvable with minimum effort, bare civility and professional courtesy. To accomplish this end, parties to a discovery dispute are required to undertake resolution among themselves before bringing the issue before the court. The rule states, in relevant part:

> *Discovery Disputes.* To curtail undue delay in the administration of justice, no discovery procedure filed under Fed. R. Civ. P. 26 through 37 to which objection or opposition is made by the responding party shall be taken under consideration by the Court

2

> unless the party seeking discovery shall first advise the
> Court in writing that, after personal consultation and
> sincere attempts to resolve differences, the parties
> are unable to reach an accord. This statement shall recite
> those matters which remain in dispute, and, in addition,
> the date, time, and place of such conference, and the
> names of all parties participating therein.

Loc. R. Bankr. P. 7026-1.

Movant filed a motion for a protective order under Rule 26(c) seeking relief from filing responses to the discovery requests issued on July 22, 2011. Rule 26(c) contains a parallel provision to Local Rule 7026-1, requiring that "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Fed.R.Civ.P. 26(c). Counsel for Movant contends good faith efforts were made to resolve the dispute. The court roundly rejects his contention.

The responses were due on September 30, 2011. Two days prior to the deadline, on September 28, 2011, Movant's counsel indicates he contacted counsel for Plaintiff to discuss the matter, without success. The next day, on September 29, 2011, the parties engaged in further communication and Plaintiff agreed to narrow the requests. The parties, however, did not reach an agreement and Movant sought a protective order from the court.

Attempting to accomplish a meeting of the minds to settle this dispute in less than twenty-four hours does not equate to a sincere or good faith attempt at resolution. Movant brought the matter at the last minute, leaving no time for robust discussion. Pressed against the September 30, 2011 deadline, Movant filed the motion for a protective order, allowing too little time for a basic discussion of the matter and certainly not providing opportunity to reach an accord. The motion for a protective order could be denied on this basis alone. However, the court notes that the parties did continue negotiations after filing the motion.

Upon review, the court simply finds Movant's request is too broad. Protective orders are within the discretion of the trial court. <u>Lewelling v. Farmers Ins. of Columbus, Inc.</u>, 879 F.2d 212 (6th Cir. 1989) (citation omitted). They are awarded upon a showing of good cause to "protect a party or person from annoyance, embarrassment, oppression, or under burden or expense." Fed. R. Civ. P. 26(c). The party seeking the protective order must demonstrate good cause. <u>Freudeman v. The Landing of Canton</u>, 2010 WL 106878 (N.D. Ohio 2010) (unreported) (citing <u>Nix v. Sword</u>, 11 F.App'x 498, 500 (6th Cir. 2001) (other citation omitted).

The request for a blanket protective order completely disregards Plaintiff's right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense." Fed. R. Civ. P. 26(b)(1). This entitlement must be balanced with the competing interest of maintaining Mr. Schwab's health. York v. Am. Med. Sys., Inc., 166 F.3d 1216 (6th Cir. 1998) (unpublished) (citing In re Eli Lilly & Co., 142 F.R.D. 454, 456 (S.D. Ind. 1992) (stating "[a] motion under Rule 26(c) to limit discovery requires the district court to balance the interests at issue, and to compare the hardship on both parties if the motion is either granted or denied").

While health concerns have provided a foundation for limiting discovery in other cases, the court is not convinced that any of those cases cited by Movant support the profound limitation solicited. Movant primarily relies on three cases: Schorr v. Briarwood Estates LP, 178 F.R.D. 488 (N.D. Ohio 1998), Medlin v. Andrew, 113 F.R.D. 650 (M.D.N.C. 1987), and Downing v. LifeTime Fitness, Inc., 2011 WL 2015514 (E.D. Mich. May 24, 2011). All involve protective orders related to depositions and none can be read to request relief of the breadth requested by movant.

The Schorr case involved a mentally disabled plaintiff who sued under the Fair Housing Act. When defendant sought to depose plaintiff, she requested a protective order to limit the scope of the oral examination and provided an affidavit from her physician discussing the negative impact the deposition could have on her fragile mental health. Importantly, and in contrast to movant's position, she did not seek to be fully excused. The physician made several recommendations for facilitating plaintiff's participation to minimize its potential negative impact. The court granted to the protective order and incorporated some of the physician's recommendations, but defendant was permitted to examine plaintiff within the established parameters.

Medlin involved a plaintiff's two-fold request, which included a motion to stay all discovery and to excuse her appearance at a deposition for ninety days. The request for the a full stay was not based on medical reasons and was confined to the period during which the court reviewed a motion to remand.[1] The request to temporarily delay the deposition was premised on health issues but was not as comprehensive as movant's request. In seeking a stay of appearance at the deposition, the plaintiff's psychiatrist submitted a letter indicating plaintiff was experiencing "progressive deterioration in her mental state and is anxious and disorganized." Medlin, 113 F.R.D. 650, 652 (M.D.N.C. 1987). The court specifically noted the disinclination of granting permanent waivers from depositions. Id. at 653. The court ultimately granted a temporary stay but found that "the brief and conclusory doctor's certificate is not sufficient to obtain a blanket ninety-day protective order against her deposition," and awarded her a thirty-day stay with an opportunity to renew her request with additional specific evidence. Id.

Movant's reliance on Downing also misplaced. First, the deposition at issue involved

---

[1] The court denied the motion to stay discovery on this basis, finding that discovery would be necessary regardless of which court ultimately determined the issues.

4

one of defendant's witnesses whom plaintiff wanted to depose. The witness was on temporary medical leave and could not appear. The plaintiff sought to compel attendance, which the court granted the request temporarily. When the witness petitioned to be further excused, the court reviewed a note from the doctor in camera and granted the protective order, permanently excusing plaintiff. However, the magistrate also ordered that since the witness did not appear for the deposition, defendant could not rely on her testimony at trial, finding the outcome "represent[ed] a fair balancing of [p]laintiff's discovery needs versus the burden that such discovery would impose." Downing, 2011 WL 2015514 *2. The excusal was tempered by a sanction to balance the parties' respective interests.

The cases do not stand for the proposition that movant is entitled to blanket protection from discovery. Rather, they suggest that blanket protection is a course of last resort. The court must balance the interests of both parties. The court finds no reason to dispute the physician's letters submitted by movant and accepts that stress could aggravate his medical condition. Movant's interest in avoiding endangerment to his health, however, does not outweigh Plaintiff's interest in obtaining discovery from him on the crossclaim he maintains against Plaintiff.

In spite of the imbalance, some of Movant's points are well-taken. For example, if Plaintiff received satisfactory responses to the same interrogatories, requests for admission and requests for production from other third-party defendants, there should be opportunity to narrow the discovery requested of Movant given the apparent community of interest.

Considering the gravity of Movant's health, the court also questions whether Movant has authorized another to act as his power of attorney in this situation. There are legal vehicles to avoid some of the personal responsibility, but requires ceding some of the benefit of maintaining personal control. None of us can have it all our way.

While the court appreciates the parties' post-motion attempts to continue to resolve this issue, these questions are items that should have been addressed prior to filing the motion for a protective order. Consequently, the court will not rule on the motion at this time, but will provide additional time for the parties to confer.

## CONCLUSION

Filing a motion for a protective order two days before discovery responses are due does not allow sufficient opportunity to negotiate a discovery dispute in good faith. Movant therefore failed to comply with Local Bankruptcy Rule 7026-1 and Rule 26(c). Additionally, the court finds that Movant's request for a blanket protective order is too broad. While Movant has a legitimate interest in maintaining his health, that interest does not trump Plaintiff's interest in conducting discovery of the party maintaining a lawsuit against it.

The court will hold the motion for protective order in abeyance to allow the parties

additional time to negotiate the matter. The parties are free to a request for further action and final decision at any time more than twenty-one days from this memorandum opinion. The party so moving shall state all further grounds and facts available at that time. The party opposing shall respond within fourteen days.

An order will be issued immediately.

#   #   #

**Service List:**

Marc Merklin
Patricia Screen
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, OH 44311

Alan R Lepene
Andrew L. Turscak, Jr.
Curtis L. Tuggle
Thompson Hine LLP
3900 Key Tower
127 Public Square
Cleveland, OH 44114-1216

Marcel C Duhamel
Drew T. Parobek
Kevin T. Duffy
Vorys, Sater, Seymour and Pease LLP
1375 E 9th St
One Cleveland Center
#2100
Cleveland, OH 44114-1724

Aaron L. Hammer
Thomas R. Fawkes
Freeborn & Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606